UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHARLES MENNINGER,

                          Plaintiff,           13 CV 4987 (KAM) (VVP)

   -against-

                                                   AMENDED
                                                   COMPLAINT

THE CITY OF NEW YORK, POLICE OFFICER
RUSSELL LAWRY, Shield No. 06725, POLICE OFFICER    JURY TRIAL
LUIS SAMOT, Shield No. 19265, SERGEANT CARON     DEMANDED
ADDESSO, Shield No. 00326

                          Defendants.
------------------------------------------------------------------X

       Plaintiff CHARLES MENNINGER, by his attorney, Kevin P. O'Donnell, Esq., for his complaint alleges as follows:

## NATURE OF THE ACTION

    1.    This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff Charles Menninger's rights as secured by the Civil Rights Act, 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to the plaintiff by the Constitution and laws of the United States and by 42 U.S.C. § 1988, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this

Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district and plaintiff resides in this district.

## JURY DEMAND

5. Plaintiff demands trial by jury in this action.

## NOTICE OF CLAIM

6. On or about June 21, 2012, within ninety days after the claims alleged in this complaint arose, a Notice of Claim was acknowledged as received after being duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant THE CITY OF NEW YORK.

## PARTIES

8. Plaintiff CHARLES MENNINGER is a citizen of the United States and is a

resident of the County of Queens, State of New York.

9. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

10. Defendant POLICE OFFICER RUSSELL LAWRY, Shield No. 06725 and POLICE OFFICER LUIS SAMOT, Shield No. 19265, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the NYPD, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendant POLICE OFFICER RUSSELL LAWRY, Shield No. 06725 and POLICE OFFICER LUIS SAMOT, Shield No. 19265, are sued individually and in their official capacity.

11. Defendant SERGEANT CARON ADDESSO, Shield No. 00326 is and was at all times relevant herein duly appointed and acting supervisory officer, servant, employee and agent

of THE CITY OF NEW YORK and/or the NYPD, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under her command.  Defendant SERGEANT CARON ADDESSO, Shield No. 00326 is and was at all times relevant herein acting under color of state law in the course and scope of her duties and functions as a supervisory officer, agent, servant and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in her by THE CITY OF NEW YORK and the NYPD, and was otherwise performing and engaging in conduct incidental to the performance of her lawful functions in the course of her duties.  Defendant SERGEANT CARON ADDESSO, Shield No. 00326, is sued individually and in her official capacity

12.    At all times relevant herein, defendant POLICE OFFICER RUSSELL LAWRY and defendant POLICE OFFICER LUIS SAMOT were police officers employed by the NYPD, assigned to patrol the vicinity of 37th Road & 74th Street (the "<u>Location</u>") within the confines of the 115th Precinct (92-15 Northern Boulevard, Jackson Heights, NY) and specifically assigned to Transit District 20.  They are the two police officers responsible for injuring Plaintiff.

13.    At all times relevant herein, defendant SERGEANT CARON ADDESSO was the sergeant of Transit District 20 and the supervisor of defendant POLICE OFFICER RUSSELL LAWRY and defendant POLICE OFFICER LUIS SAMOT who decided to have Plaintiff transported to Elmhurst General Hospital against his will and simply leave him there as opposed to processing him as an arrestee, where his visible and horrific injuries would have immediately been observed by an attorney assigned to represent him who would then direct those visible and horrific injuries to the Queens County District Attorney's Office and/or Internal Affairs.

## STATEMENT OF FACTS

14. In the early morning hours of June 1, 2012, Plaintiff, was involved in a skirmish with a group of unknown younger males in the vicinity of 37th Road & 74th Street, Jackson Heights.

15. At that specific time, Plaintiff was homeless and very intoxicated.

16. Fearing he would be attacked by more than one member of the group, he retrieved a metal pipe from a local store where he would from time-to-time work as a handyman, solely to protect himself from a perceived attack by the group of males.

17. The group of males ran away.

18. Almost simultaneously, defendant POLICE OFFICER RUSSELL LAWRY and and defendant POLICE OFFICER LUIS SAMOT appeared and ordered Plaintiff to drop the pipe.

19. Because of his intoxication, Plaintiff did not comply in the immediate manner in which defendant POLICE OFFICER RUSSELL LAWRY and defendant POLICE OFFICER LUIS SAMOT wanted him to.

20. Plaintiff was then hit with a NYPD-issued baton by defendant POLICE OFFICER LUIS SAMOT several times and almost immediately tackled by defendant POLICE OFFICER RUSSELL LAWRY.

21. Plaintiff fell and was defenseless as defendant POLICE OFFICER LUIS SAMOT continued to strike him with the baton as defendant POLICE OFFICER RUSSELL LAWRY continued to assault Plaintiff and did nothing to stop defendant POLICE OFFICER LUIS

SAMOT. During this time, Plaintiff was doing all he could to protect himself from this assault.

22. Plaintiff was lying face-down while being struck repeatedly across his back with the baton and posed no threat to defendant POLICE OFFICER RUSSELL LAWRY or defendant POLICE OFFICER LUIS SAMOT and was then handcuffed.

23. During this assault on Plaintiff, a crowd began to gather and became angered with defendant POLICE OFFICER RUSSELL LAWRY and defendant POLICE OFFICER LUIS SAMOT due to their prolonged and brutal assault on Plaintiff.

24. While Plaintiff was lying on his stomach, either defendant POLICE OFFICER RUSSELL LAWRY or defendant POLICE OFFICER LUIS SAMOT forced his knee into Plaintiff's back, cutting off Plaintiff's air supply, thus, in effect, suffocating Plaintiff.

25. Plaintiff feared he was going to suffocate and continued to move his body solely so he could breathe and urged either defendant POLICE OFFICER RUSSELL LAWRY or defendant POLICE OFFICER LUIS SAMOT to permit him to breathe.

26. Other police officers then arrived and subdued what was becoming a hostile environment towards defendant POLICE OFFICER RUSSELL LAWRY and defendant POLICE OFFICER LUIS SAMOT as many people gathered and were expressing their anger at these two officers because Plaintiff was helpless and was being beaten needlessly and excessively.

27. Upon information and belief, once the police took control of the situation, several witnesses informed supervisory police officers that Plaintiff was swinging the aforementioned pipe at pedestrians and damaging property.

28. Additionally, upon information and belief, these supervisory officers were informed that Plaintiff actually attempted to strike defendant POLICE OFFICER RUSSELL

LAWRY and defendant POLICE OFFICER LUIS SAMOT with the pipe.

29. Upon information and belief, defendant SERGEANT CARON ADDESSO was specifically told that Plaintiff attempted to strike defendant POLICE OFFICER RUSSELL LAWRY and defendant POLICE OFFICER LUIS SAMOT with the pipe and that Plaintiff also menaced pedestrians who were walking on the sidewalk as well as damaged property with this pipe.

30. Probable cause existed for the arrest of Plaintiff for two counts of Attempted Assault in the Second Degree, a class "E" felony, menacing, a class "A" misdemeanor, criminal mischief, a class "A" misdemeanor and resisting arrest, a class "A" misdemeanor, among other charges.

31. Plaintiff was handcuffed and put into an ambulance where he was transported to Elmhurst General Hospital. For several hours, he was handcuffed and in custody.

32. Plaintiff had numerous significant and horrific bruises that were in the exact shape of the baton he was struck with across his back. He had very little bruising to his chest. This was because he was beaten while he was helpless lying on his stomach.

33. Knowing the disciplinary issues she would face if Plaintiff's injuries were discovered, a strong probability if he was processed for arrest and arraigned within 24 hours of the incident (he would have had the opportunity to display his injuries to the public defender assigned to represent him during the pre-arraignment interview), defendant SERGEANT CARON ADDESSO decided not to arrest and charge Plaintiff for the charges he could have faced.

34. Upon his release from Elmhurst general Hospital, Plaintiff walked into the office

of an attorney on Queens Boulevard, displayed his injuries and explained what happened to him.

35. Weeks after the incident and subsequent to a complaint to the Internal Affairs Division of the NYPD as well as the Civilian Complaint review board, defendant SERGEANT CARON ADDESSO, stated that Plaintiff wasn't arrested because she didn't view Plaintiff's actions as criminal, that he was an EDP (emotionally disturbed person), that nobody was physically hurt and that she felt he needed help.

36. If taken as true, Plaintiff's actions were, in fact, criminal.

37. Defendant SERGEANT CARON ADDESSO's statement that nobody was hurt is not true. Plaintiff was hurt.

38. Defendant SERGEANT CARON ADDESSO did nothing to ensure that Plaintiff received help.

39. Defendant SERGEANT CARON ADDESSO attempted to cover up the brutal assault of Plaintiff by defendant POLICE OFFICER RUSSELL LAWRY and defendant POLICE OFFICER LUIS SAMOT.

40. The assault on Plaintiff by defendant POLICE OFFICER RUSSELL LAWRY and defendant POLICE OFFICER LUIS SAMOT was far in excess of their rightful authority as New York City police officers. This assault on Plaintiff was made without proper cause.

41. The assault and false imprisonment upon Plaintiff by defendant POLICE OFFICER RUSSELL LAWRY and defendant POLICE OFFICER LUIS SAMOT caused Plaintiff to sustain physical pain and suffering.

42. A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has

been neglected and/or refused.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 44 with the same force and effect as if fully set forth herein.

44. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

45. All of the aforementioned acts deprived plaintiff CHARLES MENNINGER of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

46. The acts complained of were carried out by the aforementioned defendants in their capacities as detectives or police officers, with the entire actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual defendants in their capacities as detectives or police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

48 Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION

**(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)**

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 48 with the same force and effect as if fully set forth herein.

50.     The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

51.     As a result of the foregoing, plaintiff CHARLES MENNINGER was deprived of his liberty and right to substantive due process, causing severe physical pain and suffering.

### AS AND FOR A THIRD CAUSE OF ACTION
**(False Arrest under 42 U.S.C. § 1983)**

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 51 with the same force and effect as if fully set forth herein.

53.     On June 1, 2012, one or more of the individual defendants placed handcuffs on, and detained, plaintiff CHARLES MENNINGER.

54.     Defendants did not have probable cause to believe that Mr. Menninger had committed any crime. Put simply, Mr. Menninger did not engage in any conduct that warranted his arrest and detention.

55.     Because the individual defendants did not have probable cause to believe that Mr. Menninger had committed a crime, his detention was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

56.     As a result of his detention by the individual defendants, Plaintiff's liberty was restricted for an extended period of time. Mr. Menninger suffered psychological injury, and

continues to suffer psychological injury.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (False Imprisonment under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 56 with the same force and effect as if fully set forth herein.

58. As a result of the individual defendants' conduct, Plaintiff was detained in an ambulance and then at a hospital, and at all times he knew he was detained. Moreover, Plaintiff did not consent to his confinement.

59. As the behavior of Plaintiff provided no justification for these defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

60. As a result of defendants' conduct, Plaintiff suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff Charles Menninger shall recover compensatory damages in the sum of $5,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $5,000,000 against the individual defendants, jointly and severally.

    a    That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

        b.       That the Plaintiff have such other and further relief as the Court shall deem just and proper.

DATED:      May 21, 2014
                 Kew Gardens, New York

                                              /s/
                                      KEVIN P. O'DONNELL, ESQ. (KO2000)
                                      125-10 Queens Boulevard, Suite 15
                                      Kew Gardens, New York 11415
                                      (718) 261-4500

                                      Attorney for Plaintiff